**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AMANDA BROWN and ALEXIS KOROL, | Civil Action No. __2:21-cv-14__ |
| Plaintiffs, | |
| v. | |
| BOROUGH OF AMBRIDGE, JAMES MANN, JOSEPH KAUER, and RICHARD F. START, | |
| Defendants. | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs, Amanda Brown and Alexis Korol, by undersigned counsel, file this Complaint and in support allege the following.

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3), as amended by the Civil Rights Act of 1991; and this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

### II. Venue

2. Venue is proper in the Western District of Pennsylvania, in that this action arises out of events that occurred in Beaver County.

### III. Parties

3. Plaintiff, Amanda Brown, is an adult individual who resides in Beaver County, Pennsylvania.

4. Plaintiff, Alexis Korol, is an adult individual who resides in Beaver County, Pennsylvania.

5. Defendant, Borough of Ambridge ("Defendant Bourgh"), is a municipal borough with an address of 600 Eleventh Street, Ambridge, Pennsylvania 15003.

6. Defendant, James Mann ("Chief Mann"), is an adult individual who resides in Beaver County, Pennsylvania.

7. Defendant, Joseph Kauer ("Borough Manager Kauer"), is an adult individual who resides in Allegheny County, Pennsylvania.

8. Defendant, Richard F. Start (Solicitor Start), is an adult individual who resides in Beaver County, Pennsylvania.

9. At all times relevant hereto, Defendant Borough was an "employer" within the meaning of 42 U.S.C. § 2000e(b) and 43 Pa. Cons.Stat.Ann. § 955.

10. At all times relevant hereto, Defendant Borough acted or failed to act by and through its duly authorized agents, servants and employees, who conducted themselves within the scope and course of their employment.

## IV.  Administrative Exhaustion

11. Plaintiff Brown has satisfied all procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, as amended in that:

    a. On or about May 30, 2018, Plaintiff Brown filed a timely charge with the Equal Employment Opportunity Commission (EEOC) alleging sex harassment;

    b. On or about May 30, 2018, Plaintiff Brown cross-filed her claim of sex harassment with the Pennsylvania Human Relations Commission (PHRC);

    c. On September 12, 2019, the EEOC issued a probable cause determination, finding Plaintiff Brown was subjected to pervasive sexual harassment which created a sexually hostile work environment. (See EEOC

                Determination, attached as Exhibit A).

    d.    Plaintiff Brown received a Notice of Right to Sue from the U.S. Department of Justice dated December 4, 2020, and this action was filed with this Court within 90 days of receipt of said Notice; and

    b.    More than one year has lapsed since the date Plaintiff Brown filed her PHRC complaint.

12.    Plaintiff Korol has satisfied all procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, as amended in that:

    a.    On or about May 30, 2018, Plaintiff Korol filed a timely charge with the Equal Employment Opportunity Commission (EEOC) alleging sex harassment;

    b.    On or about May 30, 2018, Plaintiff Korol cross-filed her claim of sex harassment with the Pennsylvania Human Relations Commission (PHRC);

    c.    On September 12, 2019, the EEOC issued a probable cause determination, finding Plaintiff Korol was subjected to pervasive sexual harassment which created a sexually hostile work environment. (See EEOC Determination, attached as Exhibit B).

    d.    Plaintiff Korol received a Notice of Right to Sue from the U.S. Department of Justice dated December 4, 2020, and this action was filed with this Court within 90 days of receipt of said Notice; and

    e.    More than one year has lapsed since the date Plaintiff Korol filed her PHRC complaint.

### V.  Factual Background

13.    Plaintiff Korol started working for Defendant Borough's Police Department on November 16, 2016 as a part-time Police Officer.

14.    During her employment, Plaintiff Korol was subjected to a sexually hostile

work environment created by Chief Mann.

15. Chief Mann repeatedly made sexually offensive comments to Plaintiff Korol.

16. Chief Mann also inappropriately touched Plaintiff Korol on several occasions.

17. For example, on December 8, 2016, after Plaintiff Korol completed taser training, Chief Mann began rubbing the upper part of her back, lifted up her shirt and pulled her sports bra away from her body to rub under her sports bra.

18. Similarly, sometime in or about May 2017, Chief Mann grabbed Plaintiff Korol's thigh to show her where a tourniquet would be placed if she were shot and proceeded to rub her thigh until she stood up and walked away.

19. Chief Mann regularly referred to Plaintiff Korol as "sexy Lexi" and made inappropriate sexual comments to or about Plaintiff Korol and other females.

20. Plaintiff Brown started working for Defendant Borough's Police Department on October 10, 2017 as a part-time Police Officer.

21. During her employment, Plaintiff Brown was subjected to a sexually hostile work environment created by Chief Mann.

22. In June 2017, during the interview process, Chief Mann told Plaintiff Brown that the hiring process included a physical agility test but that based on her "physique", she would not have to take the agility test.

23. Chief Mann repeatedly made sexually offensive comments about Plaintiff Brown and other women.

24. By way of example, Chief Mann made comments to Plaintiff Brown about her tattoos, asking her if she has a "tramp stamp" on her lower back and expressing

disappointment when she told him she did not.

25. Similarly, Chief Mann asked Plaintiff Brown if she liked to be choked, referring to sexual asphyxiation.

26. Chief Mann also talked about Plaintiff Brown looking like a particular porn star to other police officers.

27. On April 3, 2018, Plaintiff Korol informed Mayor David Drewnowski about the ongoing sexual harassment by Chief Mann.

28. Mayor Drewnowski told Plaintiff Korol that she needed to file a formal complaint with the EEOC or PHRC.

29. Plaintiff Korol then made a second verbal complaint to Borough Manager Kauer, who told her that she needed to put her complaint in writing.

30. On April 9, 2018, Plaintiff Korol submitted a written complaint to Borough Manager Kauer about the ongoing sexual harassment by Chief Mann.

31. On April 10, 2018, Plaintiff Brown also submitted a written complaint to Borough Manager Kauer about the ongoing sexual harassment that began from the time of her interview with Chief Mann.

32. In response to Plaintiffs' written complaints, Borough Manager Kauer provided each Plaintiff with a letter dated April 12, 2018, advising them to contact the PHRC.

33. Borough Manager Kauer's letter also indicated that Defendant Borough would be retaining CSI Corporate Security and Investigations, Inc. ("CSI") to conduct an independent investigation of the Police Department.

34. On May 25, 2018, CSI interviewed Plaintiff Brown and Plaintiff Korol in

connection with CSI's investigation of Defendant Borough's Police Department.

35. On September 10, 2018, CSI advised the Plaintiffs that Solicitor Start had a copy of the final version of CSI's report relating to Plaintiffs' allegations of sexual harassment.

36. According to CSI, Solicitor Start instructed CSI not to provide anyone else with a copy of the report.

37. Despite CSI's confirmation that it had concluded its investigation and provided the final version of its report to Solicitor Start, Defendant Borough took no further action regarding Plaintiffs' complaints of sexual harassment.

38. Instead, Solicitor Start authored an open letter to Defendant Borough's residents and employees dated February 12, 2019, wherein he denied that CSI had concluded its investigation.

39. Solicitor Start read his open letter to the community at a public meeting, during which Defendant Borough, through Solicitor Start, implied that Plaintiffs' allegations of sexual harassment were unfounded.

40. To date, Defendant Borough has taken no action against Chief Mann in response to Plaintiffs' complaints of sexual harassment.

41. In his role, Chief Mann acted as an alter-ego, proxy and high level official for Defendant.

### Count I
### Title VII – Sex Harassment
### Plaintiff Brown v. Borough of Ambridge

42. Plaintiffs incorporate paragraphs 1 through 41 as though the same had been fully set forth at length herein.

43. Defendant Borough's actions directed to Plaintiff Brown created a sexually hostile work environment.

44. The aforesaid treatment of Plaintiff Brown was intentional and was undertaken by Defendant Borough because of Plaintiff Brown's sex.

45. The aforesaid treatment of Plaintiff Brown was pervasive, regular and/or severe in that she was repeatedly subjected to offensive, hostile and derogatory work conditions because of her sex.

46. Defendant Borough's aforesaid conduct, through its agents, servants, and employees, detrimentally affected Plaintiff Brown.

47. Defendant Borough's actions, through its agents and servants, would detrimentally affect a reasonable person in Plaintiff Brown's position.

48. Defendant Borough knew of the existence of a sexually hostile environment.

49. Despite such knowledge, Defendant Borough failed to take prompt and adequate remedial action to prevent and to stop the conduct.

50. The actions of Defendant Borough, as set forth above discriminated against Plaintiff Brown in a term and condition of her employment because of her sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1).

51. Defendant Borough's actions were intentional and were taken in reckless indifference to Plaintiff Brown's federally protected right to not be subjected to unwelcome and unwanted conduct of a sexual nature.

52. As a direct and proximate result of Defendant Borough's actions, Plaintiff Brown suffered severe humiliation, inconvenience, mental distress, embarrassment, and like conditions.

WHEREFORE, Plaintiff Brown demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991 as follows:

    a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of Title VII;

    b. That Plaintiff Brown be awarded compensatory damages in an amount to be determined at trial;

    c. That Defendant be enjoined from discriminating or retaliating against Plaintiff Brown in any manner prohibited by Title VII;

    d. That Plaintiff Brown be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorneys fee; and

    e. That Plaintiff Brown be granted such further legal and equitable relief as the Court may deem just and proper.

**Count II**
**Title VII – Sex Harassment**
**Plaintiff Korol v. Borough of Ambridge**

53. Plaintiffs incorporate paragraphs 1 through 52 as though the same had been fully set forth at length herein.

54. Defendant Borough's actions directed to Plaintiff Korol created a sexually hostile work environment.

55. The aforesaid treatment of Plaintiff Korol intentional and was undertaken by Defendant Borough because of Plaintiff Korol's sex.

56. The aforesaid treatment of Plaintiff Korol was pervasive, regular and/or severe in that she was repeatedly subjected to offensive, hostile and derogatory work conditions because of her sex.

57. Defendant Borough's aforesaid conduct, through its agents, servants, and

employees, detrimentally affected Plaintiff Korol.

58. Defendant Borough's actions, through its agents and servants, would detrimentally affect a reasonable person in Plaintiff Korol's position.

59. Defendant Borough knew of the existence of a sexually hostile environment.

60. Despite such knowledge, Defendant Borough failed to take prompt and adequate remedial action to prevent and to stop the conduct.

61. The actions of Defendant Borough, as set forth above discriminated against Plaintiff Korol in a term and condition of her employment because of her sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1).

62. Defendant Borough's actions were intentional and were taken in reckless indifference to Plaintiff Korol's federally protected right to not be subjected to unwelcome and unwanted conduct of a sexual nature.

63. As a direct and proximate result of Defendant Borough's actions, Plaintiff Korol suffered severe humiliation, inconvenience, mental distress, embarrassment, and like conditions.

WHEREFORE, Plaintiff Korol demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991 as follows:

    a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of Title VII;

    b. That Plaintiff Korol be awarded compensatory damages in an amount to be determined at trial;

    c. That Defendant be enjoined from discriminating or retaliating against Plaintiff Korol in any manner prohibited by Title VII;

    d.    That Plaintiff Korol be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorneys fee; and

    e.    That Plaintiff Korol be granted such further legal and equitable relief as the Court may deem just and proper.

**Count III**
**PHRA**
**Plaintiff Brown v. Borough of Ambridge**

64. Plaintiffs incorporate by reference the allegations in Paragraphs 1 through 63, as if fully set forth herein.

65. Defendant Borough's harassment of Plaintiff Brown was in violation of the PHRA, 43 Pa. Conns. Stat.Ann. §955(a) *et seq*.

66. As a direct result of Defendant Borough's discriminatory actions in violation of the PHRA, Plaintiff Brown has suffered extreme emotional distress, depression, and like conditions.

WHEREFORE, Plaintiff Brown requests the following:

    a.    That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the PHRA;

    b.    That Plaintiff Brown be awarded compensatory damages in an amount to be determined at trial;

    c.    That Defendant be enjoined from discriminating or retaliating against Plaintiff Brown in any manner prohibited by the PHRA;

    d.    That Plaintiff Brown be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorneys fee; and

    e.    That Plaintiff Brown be granted such further legal and equitable relief as the Court may deem just and proper.

### Count IV
### PHRA
### Plaintiff Korol v. Borough of Ambridge

67. Plaintiffs incorporate by reference the allegations in Paragraphs 1 through 66, as if fully set forth herein.

68. Defendant Borough's harassment of Plaintiff Korol was in violation of the PHRA, 43 Pa. Conns. Stat.Ann. §955(a) *et seq*.

69. As a direct result of Defendant Borough's discriminatory actions in violation of the PHRA, Plaintiff Korol has suffered extreme emotional distress, depression, and like conditions.

WHEREFORE, Plaintiff Korol requests the following:

    a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the PHRA;

    b. That Plaintiff Korol be awarded compensatory damages in an amount to be determined at trial;

    c. That Defendant be enjoined from discriminating or retaliating against Plaintiff Korol in any manner prohibited by the PHRA;

    d. That Plaintiff Korol be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorneys fee; and

    e. That Plaintiff Korol be granted such further legal and equitable relief as the Court may deem just and proper.

### Count V
### PHRA
### Plaintiff Brown v. James Mann

70. Plaintiffs incorporate by reference the allegations in Paragraphs 1 through 69, as if fully set forth herein.

71. Chief Mann's conduct of aiding, abetting, inciting, compelling or coercing

the discriminatory practices of Defendant Borough was in violation of the PHRA, 43 Pa. Cons. Stat. Ann. § 955(e) et seq.

72. As a direct result of Defendants' discriminatory actions in violation of the PHRA, Plaintiff Brown has suffered extreme emotional distress, depression, and like conditions.

WHEREFORE, Plaintiff Brown requests the following:

a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the PHRA;

b. That Plaintiff Brown be awarded compensatory damages in an amount to be determined at trial;

c. That Defendant be enjoined from discriminating or retaliating against Plaintiff Brown in any manner prohibited by the PHRA;

d. That Plaintiff Brown be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorneys fee; and

e. That Plaintiff Brown be granted such further legal and equitable relief as the Court may deem just and proper.

### Count VI
### PHRA
### Plaintiff Korol v. James Mann

73. Plaintiffs incorporate by reference the allegations in Paragraphs 1 through 72, as if fully set forth herein.

74. Chief Mann's conduct of aiding, abetting, inciting, compelling or coercing the discriminatory practices of Defendant Borough was in violation of the PHRA, 43 Pa. Cons. Stat. Ann. § 955(e) et seq.

75. As a direct result of Defendants' discriminatory actions in violation of the PHRA, Plaintiff Korol has suffered extreme emotional distress, depression, and like

conditions.

    WHEREFORE, Plaintiff Korol requests the following:

        a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the PHRA;

        b. That Plaintiff Korol be awarded compensatory damages in an amount to be determined at trial;

        c. That Defendant be enjoined from discriminating or retaliating against Plaintiff Korol in any manner prohibited by the PHRA;

        d. That Plaintiff Korol be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorneys fee; and

        e. That Plaintiff Korol be granted such further legal and equitable relief as the Court may deem just and proper.

## Count VII
## PHRA
## Plaintiff Brown v. Joseph Kauer

76. Plaintiffs incorporate by reference the allegations in Paragraphs 1 through 75, as if fully set forth herein.

77. Borough Manager Kauer's conduct of aiding, abetting, inciting, compelling or coercing the discriminatory practices of Defendant Borough was in violation of the PHRA, 43 Pa. Cons. Stat. Ann. § 955(e) et seq.

78. As a direct result of Defendants' discriminatory actions in violation of the PHRA, Plaintiff Brown has suffered extreme emotional distress, depression, and like conditions.

    WHEREFORE, Plaintiff Brown requests the following:

        a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the PHRA;

    b.    That Plaintiff Brown be awarded compensatory damages in an amount to be determined at trial;

    c.    That Defendant be enjoined from discriminating or retaliating against Plaintiff Brown in any manner prohibited by the PHRA;

    d.    That Plaintiff Brown be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorneys fee; and

    e.    That Plaintiff Brown be granted such further legal and equitable relief as the Court may deem just and proper.

## Count VIII
## PHRA
## Plaintiff Korol v. Joseph Kauer

79.    Plaintiffs incorporate by reference the allegations in Paragraphs 1 through 78, as if fully set forth herein.

80.    Borough Manager Kauer's conduct of aiding, abetting, inciting, compelling or coercing the discriminatory practices of Defendant Borough was in violation of the PHRA, 43 Pa. Cons. Stat. Ann. § 955(e) et seq.

81.    As a direct result of Defendants' discriminatory actions in violation of the PHRA, Plaintiff Korol has suffered extreme emotional distress, depression, and like conditions.

WHEREFORE, Plaintiff Korol requests the following:

    a.    That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the PHRA;

    b.    That Plaintiff Korol be awarded compensatory damages in an amount to be determined at trial;

    c.    That Defendant be enjoined from discriminating or retaliating against Plaintiff Korol in any manner prohibited by the PHRA;

      d.    That Plaintiff Korol be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorneys fee; and

      e.    That Plaintiff Korol be granted such further legal and equitable relief as the Court may deem just and proper.

### Count IX
### PHRA
### Plaintiff Brown v. Richard F. Start

82. Plaintiffs incorporate by reference the allegations in Paragraphs 1 through 81, as if fully set forth herein.

83. Solicitor Start's conduct of aiding, abetting, inciting, compelling or coercing the discriminatory practices of Defendant Borough was in violation of the PHRA, 43 Pa. Cons. Stat. Ann. § 955(e) et seq.

84. As a direct result of Defendants' discriminatory actions in violation of the PHRA, Plaintiff Brown has suffered extreme emotional distress, depression, and like conditions.

WHEREFORE, Plaintiff Brown requests the following:

      a.    That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the PHRA;

      b.    That Plaintiff Brown be awarded compensatory damages in an amount to be determined at trial;

      c.    That Defendant be enjoined from discriminating or retaliating against Plaintiff Brown in any manner prohibited by the PHRA;

      d.    That Plaintiff Brown be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorneys fee; and

      e.    That Plaintiff Brown be granted such further legal and equitable relief as the Court may deem just and proper.

## Count X
## PHRA
## Plaintiff Korol v. Richard F. Start

85. Plaintiffs incorporate by reference the allegations in Paragraphs 1 through 84, as if fully set forth herein.

86. Solicitor Start's conduct of aiding, abetting, inciting, compelling or coercing the discriminatory practices of Defendant Borough was in violation of the PHRA, 43 Pa. Cons. Stat. Ann. § 955(e) et seq.

87. As a direct result of Defendants' discriminatory actions in violation of the PHRA, Plaintiff Korol has suffered extreme emotional distress, depression, and like conditions.

WHEREFORE, Plaintiff Korol requests the following:

a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the PHRA;

b. That Plaintiff Korol be awarded compensatory damages in an amount to be determined at trial;

c. That Defendant be enjoined from discriminating or retaliating against Plaintiff Korol in any manner prohibited by the PHRA;

d. That Plaintiff Korol be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorneys fee; and

e. That Plaintiff Korol be granted such further legal and equitable relief as the Court may deem just and proper.

Respectfully submitted:

Nikki Velisaris Lykos
PA I.D. No. 204813

Colleen Ramage Johnston
PA I.D. No. 64413

Johnston Lykos, LLC
525 William Penn Place
28th Floor
Pittsburgh, PA  15219
(412) 325-7700

Attorneys for Plaintiffs

17